**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAJINDER SINGH, | No. 06-71484 |
| Petitioner, | Agency No. A095-585-996 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2009 [**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Tajinder Singh petitions for review of the board of immigration appeals's

("BIA") order rejecting his applications for asylum, withholding of removal, and

protection under the Convention Against Torture. The BIA affirmed the IJ's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

decision without issuing an opinion, so "we review the IJ's decision as the final agency determination." Chen v. BIA, 435 F.3d 141, 144 (9th Cir. 2006).

We review questions of law de novo and findings of fact for substantial evidence. Brezilien v. Holder, 565 F.3d 1163, 1166 (9th Cir. 2009). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We will uphold the IJ's credibility determination if it is "supported by a specific, cogent reason." Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir. 2004). We have jurisdiction under 8 U.S.C. § 1252. We deny Singh's petition.

The facts of this case are known to the parties. We do not repeat them.

## I

An alien seeking asylum must establish both a subjective and an objective fear of persecution through credible testimony. Prasad v. INS, 47 F.3d 336, 338 (9th Cir. 1995). The IJ's adverse credibility finding is well supported by the material inconsistencies and omissions in Singh's testimony and documents. See Wang v. INS, 352 F.3d 1250, 1258–59 (9th Cir. 2003). Singh points out no evidence in the record that compels a contrary result.

## II

Because Singh failed to establish his eligibility for asylum, he also failed to meet the higher burden required for withholding of removal. See Kumar v. Gonzales, 439 F.3d 520, 525 (9th Cir. 2006).

**III**

The Convention Against Torture prevents the forcible return of "any person to a country in which there are substantial grounds for believing the person would be in danger of being subjected to torture." Zheng v. Ashcroft, 332 F.3d 1186, 1188 (9th Cir. 2003). The alien bears the burden of proving "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Singh presents no additional evidence to support this claim and fails to meet his burden of proof. See Farah v. Ashcroft, 348 F.3d 1153, 1157 (9th Cir. 2003) (denying an alien's claim under the Convention Against Torture when that alien relies on statements found to be not credible and offers no additional evidence).

**DENIED.**